HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
TELEPHONE: 602-358-2060
FACSIMILE: 602-358-2055
Michael P. Denea (014768)
Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| FRANCISCO JAVIER ROMERO, | No. EX2: /2764 |
| Plaintiff, | |
| vs. | **PETITION FOR WRIT OF HABEAS CORPUS** |
| DORA SCHRIRO, | (28 U.S.C. § 2276) |
| Defendant | |

PETITIONER, Francisco Javier Romero, by and through undersigned counsel, for his Petition for Writ of Habeas Corpus, does hereby plead and allege as follows:

1.    Petitioner Francisco Javier Romero ("Romero") is confined at the Arizona State Prixon Complex, Buckeye, Arizona.   On February 21, 2001, Romero was convicted following a jury trial in Maricopa County Superior Court, Cause No. CR2002-090413, on four counts of manslaughter, class two felonies, and three counts of aggravated assault, class three felonies.  All counts were determined to be dangerous but non-repetitive.    Romero was sentenced to concurrent aggravated terms for the manslaughter counts and concurrent aggravated terms of ten years for the aggravated assault counts, to be served consecutively to the term of imprisonment for manslaughter. All together, Romero received an aggregate sentence of 31 years in prison, and is still confined pursuant to this sentence.

2.      Respondent Dora Schriro is the Director of the Arizona Department of Corrections, and has lawful custody over Romero pursuant to Arizona law.

JURISDICTION

3.      United States District Court for the District of Arizona has jurisdiction over this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §§ 2254 and 1331. Petitioner, who is in custody pursuant to a judgment of Arizona state courts, seeks relief on the ground that his imprisonment and sentence are in violation of his rights under the United States Constitution.

4.      Venue is proper in this District because the Petitioner is detained in the State of Arizona.  28 U.S.C. § 2276 *et seq.* and 28 U.S.C. § 1391.

PROCEDURAL HISTORY

5.      On February 6, 2002, Romero was indicted by the Maricopa County Grand Jury with four counts second degree murder, each a class 1 dangerous felony, and three counts of aggravated assault, each a class 3 dangerous felony.

6.      Trial commenced on December 4, 2002, in Maricopa County Superior Court before the Hon. John Gaylord.  Romero was represented by privately retained counsel, Lawrence Kazan.    Trial concluded on December 18, 2002.

7.      The jury convicted Romero of four counts of manslaughter, a lesser included offense of second degree murder.  Romero was also convicted of three counts of aggravated assault.  The jury also determined that each offense was committed in a dangerous manner.

8.      The trial court sentenced Romero to concurrent maximum sentences of 21 years' imprisonment on each of counts 1 thru 4.  The trial court sentenced Defendant to aggravated concurrent terms of 10 years' imprisonment on each of counts 5, 6, and 7. The manslaughter convictions and the aggravated assault convictions were to be served consecutively, to total 31 years in prison.

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85012
602 358 2060

-2-

9.      On February 18, 2003, Romero filed a timely notice of appeal.  Through appointed counsel, Consuelo Ohanasian,  Romero raised the following argument:

   a.   That the trial court erred in refusing Romero's requested jury instruction regarding superceding cause.

10.     On March 23, 2004, the Arizona Court of Appeals affirmed Romero's convictions and sentence.  *See State v. Romero,* 1 CA-CR 03-1051 Mem. Dec. (Ct. App. March 23, 2004).

11.     On April 22, 2004, Romero petitioned the Arizona Supreme Court for review, raising the same issue.  The Arizona Supreme Court denied review on August 19, 2004.

12.     On August 19, 2004, the Arizona Supreme Court denied review, and the Court of Appeals issued its mandate on September 23, 2004.

13.     On  October 5, 2004, Romero filed his first notice of petition for post-conviction relief, pursuant to Rule 32, Ariz R. Crim. P.

14.     On March 25, 2005, Romero filed his Rule 32 petition through retained counsel, Theresa Armendarez, in which he raised the following arguments:

   a.   That the aggravated sentences imposed upon him violated Sixth Amendment jury trial guarantees set forth in *Blakely v. Washington,*  542 U.S. 296 (2004).

   b.   That Romero's trial counsel failed to advise Romero of his right to have a jury determine any facts that could be used to aggravate his sentence beyond the presumptive term.

15.     The trial court summarily denied the petition by minute entry dated January 21, 2005, relying on *State v. Martinez,* 210 Ariz. 578, 115 P.3d 618 (2005).

16.     On November 14, 2005, Romero filed a timely petition for review to the Arizona Court of Appeals, in which he raised the following arguments:

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85012
602 358 2060

a. That *Martinez,* which substantially limited the applicability of *Blakely,* was wrongly decided in light of language used in *Blakely* and its progeny and Romero's sentences violated the Sixth Amendment.

b. That none of the aggravators was *Blakely* compliant and therefore Romero was entitled to an individualized assessment of the sentencing evidence.

17.    The Court of Appeals summarily denied review on September 28, 2006.

18.    On October 25, 2006, Romero filed a petition for review with the Arizona Supreme Court in which he raised the following arguments:

a. That *Martinez* was wrongly decided, and violated language used in *Blakely.*

b. That Romero's case should have been remanded in light of *State v. Munninger,* 213 Ariz. 393, 142 P.3d 701  (App. 2006).

c. That the aggravating factors in Romero's sentence were not *Blakely* compliant.

19.    The Arizona Supreme Court denied review on March 20, 2007.

### FACTUAL ALLEGATIONS

Petitioner re-alleges all of the foregoing as if fully set forth herein and further pleads and alleges as follows:

20.    On or about January 20, 2002, Mr. Romero was southbound on Pima Road near Happy Valley Road, in north Scottsdale, Arizona, driving a BMW sport utility vehicle.  Mr. Romero was driving well over the speed limit and a blood test indicated that he had a blood alcohol concentration over the legal limit at the time of driving.

21.    As Mr. Romero's vehicle passed through the intersection of Pima Road and Happy Valley Road, it became airborne when it hit a "dip" in the road.  It then struck another vehicle.  Mr. Romero was unable to regain control of the SUV, and collided with two other vehicles.  In the ensuing collisions, four people, including a

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85012
602 358 2060

-4-

family of three and one of Mr. Romero's passengers, were killed.   Three others, including another of Mr. Romero's passengers, were severely injured.  Mr. Romero also sustained serious injuries in the accident.

22.   Defendant's counsel argued that Defendant had not been intoxicated on the day of the collision and that his maximum speed was 70 miles per hour in a 55 mph zone.  It was also argued that a dip in the road was a superceding event that caused Mr. Romero's vehicle to go airborne.

23.   The jury found Mr. Romero guilty of four counts of manslaughter – a lesser included offense of the charged crime – and three counts of aggravated assault, all dangerous felonies.

24.   The trial court sentenced the Defendant to concurrent terms of twenty-one years of imprisonment on each of four counts of manslaughter, and to concurrent terms of ten years on each of the three aggravated assault counts, served consecutively to the manslaughter sentences, for an aggregate term of thirty-one years.

25.   Defendant was sentenced on February 14, 2003, after a lengthy and emotional hearing.  Family members of the decedents and even personal friends and a representative from M.A.D.D. gave lengthy and passionate pleas for the maximum sentence, including a poignant video presentation.

26.   In imposing the aggravated sentence, the trial court said:

> I do find that the aggravating factors in your case do involve the enormous physical, emotional and financial impact you've had on the victims, their family members, that includes the victims who survived this accident.  The speed and alcohol are aggravating factors.  The potential lack of remorse or responsibility that you are taking for these actions, the suffering of at least one victim from the testimony we heard prior to his death because of this accident, and the number of deaths and the victims I think do require an aggravated sentence, not only as to the deaths, but also as to the class three felony.

RT, Sentencing, 2/14/03, at 89:6-15.

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
602 358 2060

-5-

27.     On March 23, 2004, the Arizona Court of Appeals affirmed Romero's convictions and sentence.  *See State v. Romero,* 1 CA-CR 03-1051 Mem. Dec. (Ct. App. March 23, 2004).   It held that the evidence was insufficient to support Romero's requested superseding cause instruction.

28.     Mr. Romero filed his petition for post-conviction relief on March 23, 2005, alleging that both the sentencing procedure and the aggravating factors supporting his sentence, violated his Sixth Amendment rights to trial by jury as articulated in *Blakely v. Washington,* 542 U.S. 296 (2004).

29.     The State countered that "if one aggravating circumstance is established, the new statutory maximum sentence is no longer the presumptive term, but rather the maximum aggravated sentence" that can be imposed by law.   When the underlying petition for post-conviction relief was briefed, there existed a split of authority about whether all aggravating factors must be *Blakely* compliant, or whether only one factor need be *Blakely* compliant.  *Compare State v. Ring (Ring III),* 204 Ariz. 534, 561-562 ¶¶ 87-90, 65 P.3d 915, 942-943 ¶¶ 87-90; *State v. Timmons,* 209 Ariz. 403, 103 P.3d 315 (App. January 7, 2005); *State v. Munninger,* 209 Ariz. 473, 104 P.3d 204 (App. 2005); *State v. Alire*, 209 Ariz. 517, 520-21 P14, 105 P.3d 163, 166-67 (App. 2005) *with State v. Martinez,* 209 Ariz. 280, 100 P.3d 30  (App. 2004);  *State v. Estrada*, 210 Ariz. 111, 112, 108 P.3d 261, 262 (App. 2005).

30.     The Arizona Supreme Court granted review in the *Martinez* case*,* and on July 8, 2005, held that only one aggravating circumstance need be *Blakely* compliant; after that, the trial court was free to consider any other aggravating evidence without the assistance of a jury.  *State v. Martinez,* 210 Ariz. 578, 115 P.3d 618 (2005).

31.     On July 22, 2005, the trial court, relying on newly minted *Martinez* opinion, summarily denied relief and dismissed the petition.

32.     Romero then filed a petition for review with the Court of Appeals, arguing that  *State v. Ojeda,* 159 Ariz. 560, 561, 769 P.2d 1006, 1007 (1989); *State v. Thurlow,*

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
602 358 2060

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
602 358 2060

148 Ariz. 16, 20, 712 P.2d 929, 933 (1986); *State v. Just,* 138 Ariz. 534, 551, 675 P.2d 1353, 1360 (App. 1983); *State v. Lask,* 135 Ariz. 612, 615, 663 P.2d 604, 607 (App. 1983); and *State v. Holstun,* 139 Ariz. 196, 677 P.2d 1304 (App. 1983), were inconsistent with the holding in *Martinez.*   He also argued that his sentence should be reversed because the invalidation of any one factor required resentencing on the entire case because he was entitled to an individualized assessment of the remaining sentencing evidence.

33.    The court of appeals denied review on September 28, 2006.

GROUNDS FOR RELIEF

ONE – INTERVENING CAUSE JURY INSTRUCTION

Petitioner re-alleges all of the foregoing as if fully set forth herein and further pleads and alleges as follows:

34.    The trial court erred when it refused to instruct the jury on Romero's theory of superseding cause.  A petitioner may obtain habeas relief if an omitted jury instruction "so infects the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Dunckhurst v. Deeds,* 859 F.2d 110, 114 (9th Cir. 1988). It is well established that a criminal defendant is entitled to adequate instructions on the defense theory of the case, when supported by the evidence.   *Conde v. Henry,* 198 F.3d 734, 739 (9th Cir. 2000).

35.    In this case, the trial court unreasonably applied the law and violated Romero's due process rights when it rejected Romero's proffered instruction on intervening cause.  First, Romero presented evidence that dips and hills in the road created a dangerous condition that caused his car to go airborne and for him to lose control.  But for the dip in the road, Romero's vehicle would not have left the road and skidded out of control into other traffic.  He also presented evidence that his elevated blood alcohol concentration was caused in part by Romero's exposure to gasoline at the crash site.  To that end, Romero asked for the following jury instruction:

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85012
602 358 2060

1
2
3
4
5

> To warrant a conviction for … second degree murder, reckless manslaughter, or negligent homicide, the death must be a natural, continuous and direct consequence of Mr. Romero's unlawful act, and not the result of an independent, intervening event that was a superceding cause.  If another event – that Mr. Romero did not participate in, that he could not foresee, and but for which the death would not have occurred – came between his conduct and the result, it is an intervening event.

6
7
8
9
10

> An independent event is a superceding cause only when its occurrence was both unforeseeable and when, with benefit of hindsight, it may be described as abnormal or extraordinary.  When a defendant claims that an event was a superceding cause that broke the chain of causation, the state has the burden of proving beyond a reasonable doubt that the event was not a superceding cause.

11   Record on Appeal #81 at 7.

12        36.    The trial court denied the instruction, not because there was insufficient

13   evidence to support it, but because it would "confuse" the jurors, who, according to the

14   trial court, already had enough instructions to consider. The trial court unreasonably

15   applied the law and deprived Romero of a fair trial in accord with due process.     The

16   quanta of evidence presented through expert witnesses and other drivers that the road

17   was dangerous was sufficient to support the instruction and the trial court improperly

18   refused to give it.  It was for the jury, not the court, to determine whether that quanta

19   was sufficient to raise a reasonable doubt.

20                              TWO – BLAKELY CLAIM

21   Petitioner re-alleges all of the foregoing as if fully set forth herein and further pleads

22   and alleges as follows:

23        37.    Romero's sentence was aggravated pursuant to A.R.S. § 13-702.     In

24   imposing the aggravated sentence, the trial court said:

25        > I do find that the aggravating factors in your case do involve the
26        > enormous physical, emotional and financial impact you've had on
          > the victims, their family members, that includes the victims who
27        > survived this accident.   The speed and alcohol are aggravating

factors.  The potential lack of remorse or responsibility that you are taking for these actions, the suffering of at least one victim from the testimony we heard prior to his death because of this accident, and the number of deaths and the victims I think do require an aggravated sentence, not only as to the deaths, but also as to the class three felony.

RT, Sentencing, 2/14/03, at 89:6-15.

38.  Mr. Romero filed his petition for post-conviction relief on March 23, 2005, alleging that both the sentencing procedure and the aggravating factors supporting his sentence, violated his Sixth Amendment rights to trial by jury as articulated in *Blakely v. Washington,* 542 U.S. 296 (2004).

39.  The State countered that "if one aggravating circumstance is established, the new statutory maximum sentence is no longer the presumptive term, but rather the maximum aggravated sentence" that can be imposed by law.

40.  When the underlying petition for post-conviction relief was briefed, there existed a split of authority about whether all aggravating factors must be *Blakely* compliant, or whether only one factor need be *Blakely* compliant.

41.  The Arizona Supreme Court granted review in the *Martinez* case*, and on July 8, 2005, held that only one aggravating circumstance need be *Blakely* compliant; after that, the trial court was free to consider any other aggravating evidence without the assistance of a jury.  *State v. Martinez,* 210 Ariz. 578, 115 P.3d 618 (2005).

42.  On July 22, 2005, the trial court, relying on newly minted *Martinez* opinion, summarily denied relief and dismissed the petition.

43.  Romero then filed a petition for review with the Court of Appeals arguing that *Martinez* was improperly decided because it improperly limited *Blakely*'s application to one sentencing factor,

44.  Romero is entitled to relief.  The Arizona Supreme Court's determination in *Martinez* was an unreasonable application of federal constitutional law, and the application of *Martinez* to this case deprived Romero of his Sixth Amendment rights to

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
602 358 2060

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA 85012
602 358 2060

1  a sentencing jury on <u>all</u> facts used to aggravated his sentence.  With the invalidation of

2  one or more factors, Romero should have been resentenced to permit the trial court to

3  conduct an individualized assessment of the remaining factors.  *See Gall v. United*

4  *States,* 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007).

5         45.    Alternatively, none of the aggravators used was admitted by the

6  Defendant or found to be true by the jury at trial, therefore the sentence actually

7  imposed was in violation of *Blakely.*

8  EXHAUSTION

9         46.    All grounds for relief raised in this petition for a writ of habeas corpus

10  have previously been presented to the Arizona State Supreme Court.

11  WHEREFORE, Petitioner Francisco Javier Romero, prays for relief as follows:

12        (a)    That the District Court issue a writ of habeas corpus to have the Petitioner

13  brought before the Court to the end that he may be discharged from his

14  unconstitutional conviction;

15        (b)    That the Respondent bring forward the entire record of the state court

16  proceedings, and to specify any proceeding in the case that has been

17  reported but not transcribed;

18        (c)    Require the Respondent to file an answer admitting or denying each actual

19  allegation herein;

20        (d)    To allow the Petitioner to conduct discovery and to expand the record

21  relating to the issues raised by this Petitioner;

22        (e)    To conduct a hearing at which proof may be offered concerning the

23  allegations in this petition that Respondent does not admit;

24        (f)    To allow Petitioner sufficient time to brief the issues of law raised by this

25  Petition; and

26        (g)    Grant any and all such further relief as this Court deems just and proper.

27

Respectfully Submitted on 19 March 2008

HELMS & DENEA, P.C.


/s/ Michael P. Denea_____
Michael P. Denea (014768)
3200 N. Central Avenue Suite 1260
Phoenix, Arizona 85012
Attorney for Petitioner

Electronic original of the foregoing filed  on 19
March 2008 with ECF for:

Clerk of the United States District Court
Sandra Day O'Connor U.S. Court House  #130
400 W. Washington Street SPC-1
Phoenix, AZ  85003-2118


Copy of the foregoing transmitted via ECF on 19
March 2008 to:

Arizona Attorney General's Office
Attn:  Criminal & Habeas Appeals
1275 W. Washington
Phoenix, AZ  85007


By: /s/ Michael P. Denea_____
\\server1\home\Karen Kothe\Clients\Romero, Francisco\Habeas
Matter\PHC.doc

HELMS & DENEA, P.C.
ATTORNEYS AT LAW
GREAT AMERICAN TOWER
SUITE 1260
3200 NORTH CENTRAL AVENUE
PHOENIX, ARIZONA  85012
602 358 2060